PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
\_\_\_\_LODGED
\_\_\_\_RECEIVED

**December 1, 2006**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In re:

SCOTT STEVEN SCHILL and
JANEL CARRIE SCHILL,

        Debtors.

Case No. 06-41092

**MEMORANDUM DECISION**

**NOT FOR PUBLICATION**

An evidentiary hearing was held in this matter on November 8, 2006, on a motion for relief from stay filed by HomeTown National Bank (Bank). Based on the evidence and arguments presented, the Court's findings of fact and conclusions of law are as follows:

**FINDINGS OF FACT**

On or about April 3, 2003, as security for certain promissory notes, Scott and Janel Schill (Debtors) executed a Deed of Trust on unimproved real estate located at 330 Shamrock Road, Longview, Washington (Shamrock Property). The Deed of Trust was recorded on April 10, 2003.

In August, 1999, the Debtors purchased a mobile home that was placed on a mobile home pad located on the Shamrock Property. The mobile home was financed by Red Canoe Credit Union, formerly known as Weyerhaeuser Employee's Credit Union. The mobile home

MEMORANDUM DECISION - 1

is currently occupied by tenants, Tammy Pease and James Samagaio, under a month-to-month rental agreement.

The Bank's Deed of Trust provides in relevant part as follows:

> Grantor hereby assigns as security to Lender, all of Grantor's right, title, and interest in and to all leases, Rents, and profits of the Property. The assignment is recorded in accordance with RCW 65.08.070; the lien created by this assignment is intended to be specific, perfected and choate upon the recording of this Deed of Trust. Lender grants to Grantor a license to collect the Rents and profits, which license may be revoked at Lender's option and shall be automatically revoked upon acceleration of all or part of the indebtedness.
>
> . . .
>
> If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:
>
> . . .
>
> **Collect Rents.** Lender shall have the right, without notice to Borrower or Grantor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender.

The Bank filed a complaint against the Debtors in Superior Court of the State of Washington for the County of Cowlitz on November 7, 2005. On May 8, 2006, a judgment was entered in the Bank's favor. Further proceedings in the state court action were stayed by the Debtors filing of a voluntary chapter 7 bankruptcy petition on May 23, 2006.

On August 2, 2006, the Bank moved for relief from stay with respect to the Shamrock Property and another parcel of the Debtors referred to as the Barnes Property. On August 29, 2006, the bankruptcy court granted the Bank's motion, but excluded the mobile home from the order. An evidentiary hearing was set to resolve the remaining issues related to the mobile home.

MEMORANDUM DECISION - 2

**CONCLUSIONS OF LAW**

The primary issue before the Court is whether the Bank is entitled to relief from stay in order to collect rents from the tenants occupying the mobile home on the Shamrock Property. The Debtors argue that such relief should not be granted as no such right exists under applicable state law prior to obtaining possession through foreclosure or the appointment of a receiver.

After reviewing the language of the Deed of Trust and applicable caselaw, the Court concludes that relief from stay to collect rents should be granted. The Bank is correct that the caselaw cited by the Debtors in support of their position were all decided prior to the 1989 amendment to RCW 7.28.230. See, e.g. In re Ass'n Ctr. Ltd. P'ship, 87 B.R. 142, 147 (W.D. Wash. 1988) (concluding that the only two methods for perfecting an interest in rents under RCW 7.28.230 are obtaining possession or the appointment of a receiver).

In 1989, RCW 7.28.230 was amended to add subsection (3) which provides:

> (3) The recording of an assignment, mortgage, or pledge of unpaid rents and profits of real property, intended as security, in accordance with RCW 65.08.070, shall immediately perfect the security interest in the assignee, mortgagee, or pledgee and shall not require any further action by the holder of the security interest to be perfected as to any subsequent purchaser, mortgagee, or assignee. Any lien created by such assignment, mortgage, or pledge shall, when recorded, be deemed specific, perfected, and choate.[1]

Therefore, as of the effective date of RCW 7.28.230(3), the security interest of a trust deed holder in rents was perfected immediately upon recording. Further action, such as taking possession or obtaining the appointment of a receiver is not necessary. In In re Park at Dash Point, L.P., 985 F.2d 1008 (9th Cir. 1993), the Ninth Circuit Court of Appeals discussed in detail the history of RCW 7.28.230 and subsequent amendments, including the addition of

---

[1] RCW 7.28.230(3) was again amended in 1991 to add at the end of the last sentence, "even if recorded prior to July 23, 1989."

MEMORANDUM DECISION - 3

RCW 7.28.230(3) in 1989. See In re Park at Dash Point, 985 F.2d at 1010-1011. The Ninth Circuit noted that this amendment was prompted in part by a "latent ambiguity in the 1969 version of Wash.Rev.Code § 7.28.230 with respect to the question of exactly when and under what circumstances a mortgagee's security interest in a defaulting mortgagor's assigned rents would be deemed to have been perfected." In re Park at Dash Point, 985 F.2d at 1010-1011. The Ninth Circuit indicated that such ambiguity was revealed by the court's decisions in In re Ass'n Ctr. Ltd. P'ship, 87 B.R. at 147 and In re Johnson, 62 B.R. 24, 29 (9th Cir. BAP 1986). In re Park at Dash Point., 985 F.2d at 1010-1011 n.4. In the case currently before the Court, the Debtors rely on these two decisions to support their position. The Ninth Circuit Court of Appeals recognized that the "1989 amendment unequivocally provides for the immediate perfection of security interests in rent assignments merely by filing notice thereof." In re Park at Dash Point, 985 F.2d at 1011.

Under the Deed of Trust, the Bank has a right to collect the rents from the Shamrock Property upon default. Under Washington state law, it is not necessary for a receiver to be appointed in order for the Bank to collect rent under its Deed of Trust prior to the Sheriff's sale. The Bank is therefore entitled to relief from stay.

DATED: December 1, 2006

*Paul B. Snyder*
_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 4